LAW OFFICES OF
Brian P. Berson
1000 BRANNAN STREET, SUITE 488
SAN FRANCISCO, CALIFORNIA 94103

TELEPHONE                                                                                                     FACSIMILE
(415)788-2707                                                                                                 (415)522-1506

March 16, 2021

The Honorable Richard Seeborg
United States District Court Judge
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *U.S. v. Aleman, et al.*, CR19-280 RS

Your Honor:

I write in response to the alternatives you proposed at the March 9, 2021 status hearing to involve our clients in future court proceedings. Please note that I am writing only on behalf of the members of the Joint Defense Agreement signatories below. However, I will make sure that the other defense lawyers in this case who are no longer members of the JDA will receive a copy of this letter so that they may opine on their clients' behalf.

Your proposals were no doubt conceived with the knowledge that to date, none of our clients have been able to participate or even attend any of the status and discovery hearings that have been held in front of you or Magistrate Judge Hixson. Rather than being able to attend and participate in these court proceedings, they have all received transcripts translated into Spanish. So, I want to reiterate that all of us are appreciative of your efforts to try to resolve one of the important issues impacting our clients' rights to due process and effective counsel during this pandemic.

One of your proposals was to break our clients up into smaller groups, perhaps even single defendants attending repeat hearings. Defense counsel discussed this proposal and believe that these hearings would not allow for real discussion of the case and would therefore not further the objective of allowing meaningful participation in the pre-trial proceedings of the clients as required by due process and effective assistance.

We are instead in favor of a modified version of a different proposal discussed at the hearing. Since all in-custody clients represented by the co-counsel I'm writing on behalf of are in the same two pods, we suggest that the hearings allow our clients to attend via zoom directly within the pods, once everybody's vaccinated.

1

We note that although this would be an improvement to the current situation, it doesn't address our clients' inability to establish constitutionally required communication with counsel during the hearings. Nor does it address the more important concern of our inability to establish constitutionally required attorney-client relationships and have confidential communications with our clients that permit for meaningful discussion and discovery review. Of course, even pre-pandemic we couldn't communicate with our clients as frequently as any of us wanted, particularly with the added layer of having to communicate through an interpreter. But at least we could be in the same room to discuss important evidence. For the duration of this case, though, we have been hampered in our ability to discuss documents and recordings with our clients. This goes both ways, because our clients have items on their tablets that are unable to be realistically discussed during our video meetings. In addition, we have had meetings cut short in mid-sentence.

With these impediments lasting for a full year of our representation, we have all had difficulty building trusting attorney-client relationships.

We look forward to continuing to work together to come up with different solutions to these problems.

Thank you for the opportunity to address these issues.

              Respectfully,

              _____/s/_____
              GEORGE BOISSEAU
              Counsel for Rogelio Belloso Aleman

              _____/s/_____
              PETER ARIAN
              Counsel for Edwin Alvarado Amaya

              _____/s/_____
              ERICK GUZMAN
              Counsel for Fernando Romero Bonilla

              _____/s/_____
              KENNETH WINE
              Counsel for Kenneth Campos

              _____/s/_____
              BRIAN BERSON
              Counsel for Evert Galdamez
              Cisneros

              _____/s/_____
              SHAFFY MOEEL
              Counsel for Oscar Espinal

        /s/
ROBERT WAGGENER
Counsel for Kevin Reyes Melendez

        /s/
ALEXANDRA MCCLURE
Counsel for Missael Mendoz

        /s/
JOANNA SHERIDAN
Counsel for Christian Quintanilla

        /s/
MARTIN SABELLI, RICHARD HULLINGER
Counsel for Elmer Rodriguez

        /s/
MARK VERMEULEN
Counsel for Kevin Ramirez Valencia

        /s/
GREGOR GUY-SMITH
Counsel for Alexis Cruz Zepeda

        /s/
DENA YOUNG
Counsel for Kevin Guatemala Zepeda

cc: AUSAs Andrew Scoble and Aseem Padukone
    Charles Woodson
    Jeffrey Bornstein
    Naomi Chung
    Alan Dressler