UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>ROGELIO BELLOSO ALEMAN, et al.<br>　　　　　Defendants. | Case No. 19-cr-00280-RS-1   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 217 |

　　　Defendants move pursuant to Federal Rules of Criminal Procedure 16(a)(1)(F) and (G) for an order requiring the government to disclose the opinions, bases and methodologies of its law enforcement "gang experts" by a deadline that is untethered to a trial date, which has not yet been set. ECF No. 217. First, Defendants argue that, unlike other defense functions such as investigation, proceeding with gang expert *Daubert* litigation is something the parties can accomplish under the strictures of the pandemic. Second, they contend that *Daubert* litigation does not implicate witness safety issues and therefore need not be scheduled closer to trial, a period during which Jencks material is disclosed and evaluated. Third, Defendants argue that gang expert *Daubert* litigation is time consuming, and therefore by addressing it now, the Court can move the case forward in a useful way even as other aspects of the case cannot proceed similarly. Defendants cite a number of cases in this district to show that the admissibility of gang expert opinions can be a heavily litigated issue, and that the litigation can take months. Defendants also argue that the disclosures should be made in the format developed by Judge Alsup in *United States v. Cerna*, 08-cr-730 to minimize subsequent litigation based on confusion regarding the nature of each opinion and its bases.

　　　The government acknowledges that the Court has discretion to set discovery deadlines

based on the Ninth Circuit's decision in *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2007) (*en banc*). ECF No. 230. The government argues that the Court should exercise its discretion not to order early disclosures. First, the government has not determined whether it will need to rely on gang expert testimony to prove the existence of the charged MS-13 20th Street Clique enterprise. Second, the government says it is still in the process of evaluating its evidence to determine the need for and potential content of any gang expert testimony. Potentially, cooperators might obviate the need for a gang expert entirely. The government argues that any expert disclosure deadline should be tethered to a trial date, citing examples from this district in which judges have done that. In terms of what can be done in the short term to move the case forward despite the limitations imposed by the pandemic, the government suggests that defense counsel can review the discovery the government has produced, which is voluminous. As to the form any gang expert disclosures take, the government says it cannot provide them in the manner ordered by Judge Alsup in *Cerna* at this point because it is still investigating and reviewing evidence. The government recommends that the precise format for the Rule 16 disclosures be addressed when the government has determined whether it intends to use any experts and the topics about which they expect to testify.

Having considered the parties' arguments, the Court's finds that Defendants have not demonstrated that there is any benefit to the early disclosure of gang experts in a way that is untethered to a trial date. To the contrary, as both the government and the defense review the large amount of discovery produced in this case, *see, e.g.*, ECF No. 252 (defense status report), and as plea negotiations may narrow the case that is likely to go to trial, *see* ECF No. 251 (government's status update stating that plea negotiations with multiple defendants have begun), forcing the government to make gang expert disclosures in the short term threatens inefficiency. The government would have to disclose opinions necessary to cover the waterfront, when the case is likely to come into more focus in the coming months and the government will have a better understanding of its need for gang experts. Defendants respond in their reply brief by stating that "to the extent that the landscape shifts over time, if more cooperators are added to the government team, opinions that have been filtered through *Daubert* can easily be modified or withdrawn

without substantial work as they often are on the eve of trial as trial configurations shift." ECF No. 245 at 3 (emphasis omitted).  While it is true that previously disclosed opinions can be withdrawn or modified with little effort as the case narrows, that argument concedes that setting an early deadline for gang expert disclosures that is untethered to a trial date is likely to force the government to do additional work in generating expert opinions in the first place that may get scrapped later as unnecessary.  The defense argument also seems to contemplate wasteful *Daubert* litigation over expert opinions that may get dropped later.  The Court understands, of course, that any deadline for expert disclosures presents the problem of potentially wasted effort, as cases continue to narrow or resolve right up until trial.  However, as no trial date has been scheduled, setting an expert disclosure deadline that is tethered to nothing seems especially likely to create inefficiency.

Defendants are correct that there is no legal requirement that a trial date be set before setting a deadline for the government to disclose its experts.  However, without a trial date, picking that deadline feels arbitrary.  Defendants rely heavily Magistrate Judge Beeler's orders in *United States v. Nelson*, 17-cr-533, later enforced by Judge Chen, that required early expert disclosures in that case untethered to a trial date.  There are many factual differences between *Nelson* and this case, including significant delays in the government's document production that required firm judicial oversight to keep that case moving.  This case has not had that type of problem so far.  If anything, we face the reverse situation where the government's production of evidence has been so vast that defense counsel are struggling with how to review it.  Further, the government advises that in *Nelson*, by the time Judge Beeler ordered expert disclosure, the government not only knew that it would use experts, it also knew who its experts were going to be, and the government says it made neither decision here.

Accordingly, the Court denies Defendants' motion.

**IT IS SO ORDERED.**

Dated: April 27, 2021

THOMAS S. HIXSON
United States Magistrate Judge

3